Filed 6/17/14  P. v. Celes CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C074447 |
| Plaintiff and Respondent, | (Super. Ct. Nos. SF123589A, SF124010A) |
| v. | |
| JASON ALLEN CELES, | |
| Defendant and Appellant. | |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

**BACKGROUND**

In case No. SF123589A (the gun case), an information charged defendant Jason Allen Celes with possession of a firearm by a felon (count 1; Pen. Code, § 29800, subd.

1

(a)(1));[1] possession of ammunition by a person prohibited from owning a firearm (count 2; § 30305, subd. (a)(1)); and unlawful possession of a short-barreled shotgun or rifle (count 3; § 33215). As to each count, the information alleged that defendant had served three prior prison terms. (§ 667.5, subd. (b).)

The testimony elicited at the preliminary hearing in the gun case revealed that on April 4, 2013, law enforcement officers found a firearm with a shortened barrel and three shotgun shells at a residence in Stockton where defendant was present; he admitted the shotgun was his.

After defendant was held to answer in the gun case, a complaint in case No. SF124010A (the theft case) charged defendant with theft from an elder or dependent adult (count 1; § 368, subd. (d)) and forgery (counts 2 & 3; § 470, subd. (a)). According to the stipulated facts in support of the plea in the theft case, defendant obtained two checks totaling $6,475 from a person over the age of 65, without her consent.

The People offered defendant a plea deal, wherein defendant would plead guilty to count 1 of the gun case for the midterm sentence of two years in state prison and count 1 of the theft case, reduced to a misdemeanor, for concurrent time. In return, the People would move to dismiss the remaining charges and allegations from both cases. The trial court made a separate arrangement with defendant, requiring him to first admit two felony charges and his three prior convictions and accept a seven year prison sentence. The court then permitted defendant to withdraw his pleas and re-plead as necessary to achieve the agreed upon aggregate sentence of two years in state prison. This separate agreement was to ensure that defendant returned to court after the 72 hours of release that

---

[1] Further undesignated statutory references are to the Penal Code.

2

the trial court agreed to order, over the People's objection, before remanding defendant to serve his sentence.[2]

After defendant pled as the trial court required in exchange for the limited release from custody, he returned to court as ordered three days later, re-pled, and received the agreed upon sentence of two years in state prison in return -- the midterm on count 1 in the gun case and 365 days of concurrent time on count 1 of the misdemeanor theft case. The court did not award presentence custody credits because defendant waived them as part of the plea bargain. The court imposed various fines, fees, and assessments and ordered defendant to pay victim restitution of $6,475, on which he had agreed as part of his plea. Defendant appealed; his multiple requests for certificates of probable cause were denied.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

---

[2] We express no opinion on the propriety of this "wheeling and dealing," as the trial court called it, as we do not see that it resulted in a disposition less favorable to defendant than did his original plea agreement with the People, of which he ultimately received the benefit, as we explain.

## DISPOSITION

The judgment is affirmed.


                                    _____DUARTE_____, J.


We concur:


_____BLEASE_____, Acting P. J.


_____ROBIE_____, J.